1
2
3
4

**Julian McMillan (SBN 241937)**
**McMILLAN LAW GROUP, APC**
4655 Cass Street, Suite 404
San Diego, CA 92109
Phone: 619.795.9430
Fax: 619.241.8291

5
6
7
8

**Derek A. Soinski (SBN 293747)**
**REDWOOD LAW GROUP, APC**
10136 Rancho Roble Road
Escondido, CA 92026
Phone:  619.947.3677
E-mail: derek@redwoodlawgroup.com

9
10
11

Attorneys for Plaintiffs
ALBERT E. HOOEY and
ANGELA M. HOOEY

12

13

## UNITED STATES DISTRICT COURT

14

## SOUTHERN DISTRICT OF CALIFORNIA

15
16
17
18
19
20
21
22
23
24
25
26
27
28

ALBERT E. HOOEY and ANGELA M. HOOEY, individuals,

Plaintiffs,

v.

FORD MOTOR COMPANY, a Delaware Corporation,

Defendant.

Case No.: **'22 CV 1025 RSH AHG**

**COMPLAINT FOR DAMAGES**
**DEMAND FOR JURY TRIAL**

Plaintiffs allege as follows:

## JURISDICTION

1. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. §1332, because this is a civil action between citizens of different states and the amount in controversy exceeds $75,000.00. Plaintiffs ALBERT E. HOOEY and ANGELA M. HOOEY are citizens of the State of California.

2. This Court further has subject matter jurisdiction over this matter as Plaintiffs bring claims under 15 U.S.C. §2310 *et. seq.*

3. This Court further has supplemental jurisdiction pursuant to 15 U.S.C. § 1367 over Plaintiffs' state law causes of action as they arise out of the same case or controversy and are intertwined and interrelated.

4. Defendant FORD MOTOR COMPANY is a Delaware corporation incorporated in and existing under the laws of the state of Delaware and having its principal place of business in Dearborn, Michigan.

## PARTIES

5. As used in this Complaint, the word "Plaintiffs" shall refer to Plaintiffs ALBERT E. HOOEY and ANGELA M. HOOEY.

6. Defendant FORD MOTOR COMPANY is and was a Delaware corporation doing business in the County of San Diego, State of California. At all times relevant, Defendant FORD MOTOR COMPANY was/is engaged in the business of marketing, selling and/or distributing Ford vehicles. ("**Defendant**").

7. All acts of corporate employees as alleged were authorized or ratified by an officer, director or managing agent of the corporate employer.

8. The claims identified in this Complaint arise out of the lease and purchase of a vehicle from El Cajon Ford, located in El Cajon, in the County of San Diego, State of California, as well as the failure to repair said vehicle by Defendant FORD MOTOR COMPANY.

## <u>FIRST CLAIM FOR RELIEF BY PLAINTIFFS AGAINST</u>
## <u>DEFENDANT: DEFENDANT'S BREACH OF IMPLIED</u>
## <u>WARRANTY OF MERCHANTABILITY 15 U.S.C §2310(d) AND</u>
## <u>CAL. CIV. CODE §1794</u>

9.      On or about February 23, 2019, Plaintiffs leased a 2019 Ford Edge, VIN: 2FMPK3J90KBB46841 (the "**Vehicle**") which was manufactured, distributed, or sold by Defendant. The total consideration Plaintiffs paid or agreed to pay for the lease, including taxes and fees was $21,193.30.  The Vehicle was leased primarily for personal, family, or household purposes. Plaintiffs leased the Vehicle from a person or entity engaged in the business of manufacturing, distributing, or selling consumer goods at retail.

10.      On or about April 2, 2022, Plaintiffs purchased the Vehicle, which was manufactured, distributed, or sold by Defendant. The total consideration Plaintiffs paid or agreed to pay to purchase the car, including taxes and fees was $27,864.00.  The Vehicle was purchased primarily for personal, family, or household purposes. Plaintiffs purchased the Vehicle from a person or entity engaged in the business of manufacturing, distributing, or selling consumer goods at retail.

11.      The total consideration that Plaintiffs paid or agreed to pay for the Vehicle, including the lease and buyout, was $49,057.30.

12.      In connection with the lease and purchase, Plaintiffs received an express written warranty in which Defendant undertook to preserve or maintain the utility or performance of the Vehicle or to provide compensation if there is a failure in utility or performance for a specified period of time. The warranty provided, in relevant part, that in the event a defect developed with the Vehicle during the warranty period, Plaintiffs could deliver the Vehicle for repair services to Defendant's representative and the Vehicle would be repaired.

13.     During the warranty period, the Vehicle contained or developed various defects indicating that the Vehicle was sold with a defective transmission, causing the Vehicle to harshly and erratically shift gears, lunge, jerk, and fail to operate in a reasonable or predictable manner.  Plaintiffs do not feel they can safely rely on the Vehicle for operation.

14.     Pursuant to 15 U.S.C. § 2301 and Cal. Civ. Code §§ 1792 and 1791.1, the lease of the Vehicle was accompanied by Defendant's implied warranty of merchantability. The duration of the implied warranty is coextensive in duration with the duration of the express warranty provided by Defendant.

15.     The implied warranty of merchantability means and includes that the Vehicle will comply with each of the following requirements: (1) the Vehicle will pass without objection in the trade under the contract description; (2) the Vehicle is fit for the ordinary purposes for which such goods are used; (3) the Vehicle is adequately contained, packaged, and labeled; and (4) the Vehicle will conform to the promises or affirmations of fact made on the container or label.

16.     On or about October 19, 2020, with approximately 24,158 miles, or during the period in which the implied warranty was in effect, the Vehicle contained or developed defects stated in paragraph 13 above. The existence of these defects constitutes a breach of the implied warranty because the Vehicle (1) does not pass without objection in the trade under the contract description, (2) is not fit for the ordinary purposes for which such goods are used, (3) is not adequately contained, packaged, and labeled, and (4) does not conform to the promises or affirmations of fact made on the container or label.

17.     By serving this Complaint, Plaintiffs rightfully reject and/or justifiably revoke acceptance of the Vehicle and exercise their right to cancel the lease and purchase.  Accordingly, Plaintiffs seek the remedies provided in California Civil Code section 1794(b)(1), including the entirety of lease and purchase payments. In addition, Plaintiffs seek the remedies set forth in California

Civil Code §1794(b)(2), including the diminution in value of the Vehicle resulting from its defects.

18.     Plaintiffs were damaged by Defendant's failure to comply with its obligations under the implied warranty, and therefore bring this claim pursuant to 15 U.S.C. §2310(d) and Civil Code §1794.

19.     Defendant does not maintain an informal dispute resolution process for the purpose of resolving claims for breach of the implied warranty of merchantability and does not maintain an informal dispute resolution process for resolving express warranty claims that complies with the requirements of 15 U.S.C. § 2310(a) and the rules and regulations adopted pursuant thereto by the Federal Trade Commission.

**SECOND CLAIM FOR RELIEF BY PLAINTIFFS AGAINST DEFENDANT: BREACH OF THE IMPLIED WARRANTY OF FITNESS 15 U.S.C. §2310(d) AND CAL. CIV. CODE. § 1794**

20.     Plaintiffs incorporate by reference the allegations contained in all paragraphs stated above.

21.     Defendant is a manufacturer, distributor, or seller who had reason to know at the time of the retail sale that the Vehicle was required for a particular purpose and that the Plaintiffs were relying on the Defendant's skill or judgment to select or furnish suitable goods.

22.     Pursuant to 15 U.S.C. § 2301 and pursuant to Cal. Civ. Code. § 1792.1, the lease and sale of the Vehicle was accompanied by Defendant's implied warranty that the Vehicle would be fit for Plaintiffs' particular purpose. The duration of the implied warranty is coextensive in duration with the duration of the express written warranty provided by Defendant.

23.     On or about October 19, 2020, with approximately 24,158 miles, or during the period in which the implied warranty was in effect, the Vehicle contained or developed defects stated in paragraph 13 above. The existence of each

1   of these defects constitutes breach of the implied warranty because the Vehicle is

2   not fit for Plaintiffs' purpose.

3          24.    Plaintiffs have been damaged by Defendant's failure to comply with

4   its obligations under the implied warranty, and therefore bring this claim pursuant

5   to 15 U.S.C. § 2310(d) and Civil Code § 1794.

6          25.    Defendant does not maintain an informal dispute resolution process

7   for the purpose of resolving claims for breach of the implied warranty of fitness

8   and does not maintain an informal dispute resolution process for resolving express

9   warranty claims that complies with the requirements of 15 U.S.C. § 2310(a) and

10  the rules and regulations adopted pursuant thereto by the Federal Trade

11  Commission.

12          **THIRD CLAIM FOR RELIEF BY PLAINTIFFS AGAINST**

13      **DEFENDANT: BREACH OF EXPRESS WARRANTY 15 U.S.C. §**

14                 **2310(d) AND CAL. CIV. CODE §1794**

15          26.    Plaintiffs incorporate by reference the allegations contained in all

16  paragraphs stated above.

17          27.    In accordance with Defendant's warranty, Plaintiffs delivered the

18  Vehicle to Defendant's representative in this state to perform warranty repairs.

19  Plaintiffs did so within a reasonable time but the Vehicle remains defective.

20          28.    Plaintiffs have been damaged by Defendant's failure to comply with

21  its obligations under the express warranty, and therefore brings this claim pursuant

22  to 15 U.S.C. § 2310(d) and Civil Code §1794.

23          29.    Defendant's failure to comply with its obligations under the warranty

24  was willful, in that Defendant and its representatives were aware of their

25  obligations to repair the Vehicle under the express warranty, but they intentionally

26  declined to fulfill that obligation.  As well, Defendant was aware or reasonably

27  should have been aware of the defect when Plaintiffs leased and purchased the

28

1   Vehicle. Accordingly, Plaintiffs are entitled to a civil penalty of two times actual

2   damages pursuant to Cal. Civ. Code § 1794(c) and 15 U.S.C. § 2310(d).

3       30.     Defendant does not maintain an informal dispute resolution

4   mechanism which complies with the requirements of 15 U.S.C. § 2310(a) and the

5   rules and regulations adopted pursuant to thereto by the Federal Trade

6   Commission.

7   ### FOURTH CLAIM FOR RELIEF BY PLAINTIFFS AGAINST

8   ### DEFENDANT: FAILURE TO PROMPTLY REPURCHASE

9   ### PRODUCT 15 U.S.C. § 2310(d) AND CAL. CIV. CODE § 1793.2(d)

10      31.     Plaintiffs incorporate by reference the allegations contained in all

11  paragraphs stated above.

12      32.     Defendant and its representatives in this state have been unable to

13  service or repair the Vehicle to conform to the applicable express warranties after a

14  reasonable number of attempts. Despite this fact, Defendant failed to promptly

15  replace the Vehicle or make restitution to Plaintiffs as required by Civil Code §§

16  1793.2(d) and 1793.1(a)(2), and therefore Plaintiffs bring this claim pursuant to §

17  1794.

18      33.     Plaintiffs have been damaged by Defendant's failure to comply with

19  its obligations pursuant to Civil Code §§ 1793.2(d) and 1793.1 (a)(2), and therefore

20  bring this claim pursuant to § 1794.

21      34.     The provisions of Civil Code § 1793.2(d) existed at the time

22  Defendant gave the express warranty and for that reason those provisions were

23  incorporated into the terms of the express warranty by operation of California law.

24  Accordingly, Defendant's violation of § 1793.2(b) was a breach of terms of the

25  express warranty, and Plaintiffs bring this claim pursuant to 15 U.S.C. § 2310(d).

26      35.     Defendant's failure to comply with its obligations under § 1793.2(d)

27  was willful, in that Defendant and its representative were aware that they were and

28  are unable to service or repair the Vehicle to conform to the applicable express

1    warranties after a reasonable number of repair attempts, yet Defendant failed to

2    promptly replace the Vehicle or make restitution. Accordingly, Plaintiffs are

3    entitled to a civil penalty of two times Plaintiffs' actual damages pursuant to

4    §1794(c) and 15 U.S.C. § 2310(d)

5        36.    Defendant does not maintain a qualified third-party dispute resolution

6    process which substantially complies with § 1793.22. Despite Defendant's

7    violation of § 1793.2(d) and its notice thereof, Defendant failed to comply with its

8    obligations within a reasonable time. Accordingly, Plaintiffs are entitled to a civil

9    penalty of two times Plaintiff's actual damages pursuant to Civil Code § 1794(e)

10   and 15 U.S.C. § 2310(d).

11       37.    Plaintiffs seek civil penalties pursuant to § 1794, subdivisions (c) and

12   (e) in the alternative and do not seek to cumulate civil penalties as provided in §

13   1794(f).

14       38.    Defendant does not maintain an informal dispute resolution

15   mechanism which complies with the requirements of 15 U.S.C. § 2310(a) and the

16   rules and regulations adopted pursuant thereto by the Federal Trade Commission.

17   **FIFTH CLAIM FOR RELIEF BY PLAINTIFFS AGAINST**

18   **DEFENDANT: FAILURE TO COMMENCE REPAIRS WITHIN A**

19   **REASONABLE TIME AND TO COMPLETE THEM WITHIN 30**

20   **DAYS 15 U.S.C. § 2310(d) AND CAL. CIV. CODE § 1794**

21       39.    Plaintiffs incorporate by reference the allegations contained in all

22   paragraphs stated above.

23       40.    Although Plaintiffs delivered the Vehicle to Defendant's

24   representative in this state, Defendant and its representative failed to commence the

25   service or repairs within a reasonable time and failed to service or repair the

26   Vehicle so as to conform to the applicable warranties within 30 days, in violation

27   of Civil Code § 1793.2(b).

28

41.     Plaintiffs have been damaged by Defendant's failure to comply with its obligations pursuant to § 1793.2(b), and therefore brings this claim pursuant to §1794.

42.     The provisions of Civil Code § 1793.2(b) existed at the time the Defendant gave the express warranty and for that reason those provisions were incorporated into the terms of the express warranty by operation of California law. Accordingly, Defendant's violation of § 1793.2(b) was a breach of the terms of the express warranty, and Plaintiffs bring this claim pursuant to 15 U.S.C. §2310(d).

43.     Defendant's failure to comply with its obligations under § 1793.2(b) was willful in that Defendant and its representative were aware that they were obligated to service or repair the Vehicle to conform to the applicable express warranties within 30 days, yet they failed to do so. Accordingly, Plaintiffs are entitled to a civil penalty of two times Plaintiffs' actual damages pursuant to §1794(c) and 15 U.S.C. § 2310(d).

44.     Defendant does not maintain an informal dispute resolution mechanism which complies with the requirements of 15 U.S.C. §2310(a) and the rules and regulations adopted pursuant thereto by the Federal Trade Commission.

## **PRAYER**

PLAINTIFFS PRAY for judgment against Defendant as follows:

1. For Plaintiffs' damages in the amount of at least $49,057.30

2. For restitution to Plaintiffs in the amount of $49,057.30.

3. On Plaintiffs' Third Claim for Relief, for a civil penalty in the amount of $98,114.60, which is two times Plaintiffs' damages, pursuant to Civil Code § 1794(c) and (e) and 15 U.S.C. §2310(d).

4. On Plaintiffs' Fourth Claim for Relief, for a civil penalty in the amount of $98,114.60 which is two times Plaintiffs' damages, pursuant to Civil Code § 1794(c) and (e) and 15 U.S.C. §2310(d).

5. On Plaintiffs' Fifth Claim for Relief, for a civil penalty in the amount of $98,114.60 which is two times Plaintiffs' damages, pursuant to Civil Code § 1794(c) and (e) and 15 U.S.C. §2310(d).

6. For any consequential and incidental damages.

7. For costs of the suit and Plaintiffs' reasonable attorney fees pursuant to Civil Code §1794(d) and 15 U.S.C. § 2310(d).

8. For prejudgment interest at the legal rate.

9. And for such other relief as the Court may deem proper.


Dated:  July 14, 2022                          MCMILLAN LAW GROUP, APC


                                   By: /s/Julian McMillan
                                       Julian McMillan, Esq.
                                       Attorney for Plaintiffs
                                       ALBERT E. HOOEY and
                                       ANGELA M. HOOEY

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a jury trial on all causes of action asserted herein.

Dated:  July 14, 2022                    MCMILLAN LAW GROUP, APC


                                         By:    /s/Julian McMillan
                                         Julian McMillan, Esq.
                                         Attorney for Plaintiffs
                                         ALBERT E. HOOEY and
                                         ANGELA M. HOOEY